IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |   |
|---|---|---|
| MARQUIE BARTHOLOMEW GUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-027 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff; DANIEL K. FRANCK; and NATALIE S. PAINE, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at Charles B. Webster Detention Center in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.  SCREENING THE COMPLAINT

### A.  BACKGROUND

Plaintiff names the following Defendants: (1) Sheriff Richard Roundtree; (2) Daniel K. Franck; and (3) Natalie S. Paine. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 16, 2019, then District Attorney for the Augusta Judicial Circuit, Natalie Paine, arrived at the crime scene for "a child struck by a stray bullet." (Id. at 6-7.) Ms. Paine's

presence at the crime scene coerced law enforcement into an expedited investigation of the crime.  (Id. at 7.)  Ms. Paine informed siblings of the victim as well as DFACS to contact her office for early updates on the incident.  (Id.)  Ms. Paine brought charges against Plaintiff for the shooting and investigated Plaintiff for suspected tampering.  (Id.)  Plaintiff requested his appointed counsel, Daniel Franck, move for dismissal of his state charges based on Ms. Paine's actions and seek a change in venue due to extraordinary media attention.  (Id. at 8.)

Unsatisfied with Mr. Franck's handling of the case, Plaintiff sought to remove him as counsel and obtain a new public defender.  However, the trial judge failed to address Plaintiff's concerns.  (Id.)  Plaintiff filed grievances with the State Bar of Georgia regarding his dissatisfaction with Mr. Franck.  (Id. at 9.)  Plaintiff also sought new counsel from the Georgia Public Defender Council, which declined to act based on a purported conflict of interest.  (Id.)

Plaintiff is in pretrial detention at the Charles B. Webster Detention Center.  On December 13, 2021, twenty deputies arrived at the detention center to perform a total jail inspection at the instruction of Sheriff Richard Roundtree.  (Id. at 5.)  During the search, Deputy William McClure, who was involved in Defendant's case, pointed out Plaintiff to two fellow officers.  (Id.)  The officers proceeded toward Plaintiff, ordered him to the ground, slammed his face against the ground, and screamed expletives at Plaintiff.  (Id.)  Plaintiff suffered a cut and black eye.  (Id.)  The officers took Plaintiff into another room, where multiple officers punched Plaintiff, called him a "baby killer", and threatened to kill him.  (Id. at 5-6.)  After the beating, Deputy Goulin opened the door, placed his fingers inside Plaintiff's mouth, and pulled off Plaintiff's clothes, leaving him nude.  (Id. at 6.)  Plaintiff believes these actions are in furtherance of a conspiracy with Ms. Paine, and Lt. Grant told Plaintiff he had been "set up"

2

by Ms. Paine. (Id. at 11.) Further, Plaintiff believes Mr. Franck is a co-conspirator who refuses to visit him in jail and intends to "sell him out." (Id.)

Plaintiff filed grievances through the jail administration, however he never received responses. (Id. at 3-4.) For relief Plaintiff seeks for dismissal of all his charges and $300,000.00 in damages. (Id. at 12.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not

require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Conspiracy Claim Against Any Defendant

To state a viable conspiracy claim, Plaintiff must make more than vague and conclusory allegations. See Twombly, 550 U.S. at 556-57; Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . . It is not enough to simply aver in the complaint that a conspiracy existed." (citations omitted)); Phillips, 746 F.2d at 785 ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action." (citation omitted)). In addition to alleging Defendants acted under color of state law,

4

Plaintiff must also plead: (1) Defendants came to an understanding or agreement to deprive Plaintiff of a constitutional right, and (2) the result of the conspiracy was "an actual denial" of a constitutional right. Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1327 (11th Cir. 2015).

Plaintiff's conspiracy claim fails because it is devoid of any facts from which one could reasonably infer the trial judge, prosecutor, sheriff, defense attorney, and various deputies conspired to frame Defendant, deprive him of effective legal representation, and beat him up. See Bailey v. Bd. of Cnty. Comm'rs, 956 F.2d 1112, 1122 (11th Cir. 1992) (explaining "linchpin for conspiracy is agreement, which presupposed communication").

### 3. Plaintiff Fails to State a Claim Against Richmond County Sheriff Richard Roundtree for Supervisor Liability

Plaintiff fails to state a claim for relief against Sheriff Roundtree based on his supervisory position. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

5

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Sheriff Roundtree liable, Plaintiff must demonstrate that he (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff appears to name Sheriff Roundtree as a Defendant not because of his direct involvement in the alleged physical abuse by deputies, but by virtue of his supervisory position. Plaintiff states, "Sheriff Richard Roundtree sent and ordered some twenty road deputies to halt road duties and enter the detainment facility and commence a full jail search." (Doc. no. 1, p. 5.)

Nor does Plaintiff allege either (1) Sheriff Roundtree was present for, or participated in, the actions attributed to the officers; or (2) the requisite causal connection between Sheriff Roundtree and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the

Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread excessive force, (2) an improper custom or policy put in place by Sheriff Roundtree regarding excessive force, or (3) an inference Sheriff Roundtree directed officers to act, or knew they would act, unlawfully. Therefore, Plaintiff fails to state a claim upon which relief can be granted, and Sheriff Roundtree should be dismissed from this case

### 4. No Claims Against Former District Attorney Paine and Attorney Daniel Franck

"A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." Rehberg v. Paulk, 566 U.S. 356, 363 (2012). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the

court . . . ."  Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted). Because all of the alleged acts and omissions by Ms. Paine are associated with her role as a prosecutor in the judicial phase of the criminal process, she is entitled to immunity

Plaintiff also fails to state a claim against his attorney, Mr. Franck, because private attorneys and public defenders "are not state actors for purposes of § 1983." Rolle v. Glenn, 712 F. App'x 897, 899 (11th Cir. 2017) (*per curiam*) (citing Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)).

### 5. The Court Should Abstain under Younger

Even if Plaintiff had asserted valid claims against Ms. Paine and Mr. Franck, the case should still be dismissed out of deference to the state criminal proceeding.  The question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges."  31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).  Furthermore, while Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, Younger abstention extends to cases involving § 1983 claims for damages.  See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

All three factors weigh in favor of abstention.  First, public records, attached hereto as

8

Exhibit A, indicate the underlying criminal proceedings are ongoing.[1] Public records confirm what the complaint implies; i.e., the state proceeding is ongoing. Cf. Steffel v. Thompson, 415 U.S. 452, 462 (1974) ("When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in . . . disruption of the state criminal justice system. . . ."). Second, the state proceeding implicates an important state interest in criminally prosecuting felony offenses. Absent "extraordinary circumstances," federal courts should not intervene in state criminal prosecutions. Younger, 401 U.S. at 45.

Third, Plaintiff has not established the state proceeding would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279. Indeed, Plaintiff can raise his allegations of prosecutorial misconduct and ineffective assistance of counsel in the context of his criminal proceedings. Thus, Plaintiff has not satisfied his burden of showing the state proceeding cannot provide an adequate remedy for his claims.

For these reasons, the Court should abstain under Younger, and this case should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sue sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

---

[1] See United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (confirming courts may take judicial notice of records from other courts).

9

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 26th day of May, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA